**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

REBECCA MANNING,

         Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,

         Agency.

DOCKET NUMBER
AT-1221-18-0073-W-1

DATE: April 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rebecca Manning</u>, McDonough, Georgia, pro se.

<u>Bradley Flippin</u>, Esquire, and <u>Lois F. Prince</u>, Nashville, Tennessee, for the
    agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

    The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant exhausted her remedies with the Office of Special Counsel (OSC) concerning her claims of harassment and improper processing of her Office of Workers Compensation Programs (OWCP) claim, we AFFIRM the initial decision.

We FORWARD the appellant's claims of involuntary reduction in grade and pay and involuntary retirement to the Atlanta Regional Office for docketing as a separate appeal under 5 U.S.C. §§ 7513(d) and 7701.

## BACKGROUND

The appellant was formerly employed as a Loan Specialist, GS-1165-12, with the Veterans Benefits Administration, Monitoring Unit, in Nashville, Tennessee. Initial Appeal File (IAF), Tab 6 at 59. In April 2013, she requested permission to telework 1 day per week from an alternative worksite in McDonough, Georgia. *Id*. at 59-61. The telework proposal was signed by the appellant's supervisor and the approving official, although the telework agreement itself listed an alternative worksite in Nashville. *Id*. at 61-62. The appellant alleges that her supervisor assured her that after a 90-day trial period telecommuting from the Nashville location she would be permitted to telework 3 days per week from Georgia, where she was moving for family reasons. *Id*.

at 72.  In July 2013, the appellant requested permission to telework from Georgia 4 days per week.  *Id*. at 69.  Her request was denied.  *Id*. at 81-82.  In late August 2013, and again in early September 2013, the appellant requested permission to telework 3 days per week, and the agency denied those requests as well, explaining that management had authorized only 2 days per week of telework and that the alternative worksite in Georgia had been approved in error.  *Id*. at 83-86.

On September 13, 2013, the American Federation of Government Employees filed a grievance on the appellant's behalf concerning the denials of her telework requests.  *Id*. at 87-92.  On May 15, 2014, the appellant requested a transfer to the agency's Atlanta office, where she took a lower-graded position.  IAF, Tab 9 at 26.  She retired in April 2016.  *Id*.

At some point thereafter, the appellant filed a disclosure form and a prohibited personnel practice (PPP) complaint with OSC.  *Id*. at 25.  The disclosure form and PPP complaint were processed concurrently but assigned different file numbers.  *Id*.  On August 11, 2017, OSC issued a final decision closing the appellant's disclosure file.  *Id*. at 25-30.  The decision letter also served as a preliminary determination to close her PPP complaint.  *Id*.  On August 28, 2017, the appellant submitted a response addressing both determinations.  *Id*. at 20-24.  That same day, OSC informed the appellant of its final decision to close its inquiry into the appellant's PPP complaint and notified her of her right to file an IRA appeal with the Board.  *Id*. at 17-19.

The appellant then filed the instant IRA appeal.  IAF, Tab 1.  The administrative judge advised the appellant of her burden of proof on jurisdiction and directed her to submit evidence and argument on that issue, including evidence that she had exhausted her remedies with OSC.  IAF, Tabs 3, 8.  In response to the jurisdictional orders, the appellant indicated that she had notified OSC of 15 disclosures and several alleged retaliatory actions, including a reduced performance rating, denial of telework, forced acceptance of a lower-graded position in Atlanta, involuntary retirement, failure to properly file an application

with OWCP, discrimination based on race and age, and various acts of harassment. IAF, Tab 9 at 4-8, 19-30.

Based on the written record, the administrative judge determined that the appellant had exhausted her remedies with OSC with respect to three disclosures, which the administrative judge numbered as (1), (5), and (10). IAF, Tab 14, Initial Decision (ID) at 4-7. She further found that the appellant had exhausted her remedies with respect to her November 2013 performance rating, which was reduced from the "outstanding" rating she had received in previous years, and her alleged forced acceptance of a lower-graded position in Atlanta. ID at 7-9. The administrative judge went on to find that the appellant had failed to make nonfrivolous allegations that disclosures (1), (5), and (10) were protected under 5 U.S.C. § 2302(b)(8). ID at 9-12. Finally, the administrative judge found that the appellant had failed to make a nonfrivolous allegation that those disclosures were a contributing factor in the personnel actions at issue. ID at 12-13. Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing. ID at 1, 13.

On petition for review, the appellant argues that her move to the Atlanta office, which resulted in a reduction in grade and pay, was a constructive adverse action within the Board's jurisdiction. Petition for Review (PFR) File, Tab 1 at 4-5. She further contends that she exhausted her remedies with OSC with respect to disclosures (2), (4), (6), (7), (9), and (14), and the remaining personnel actions. *Id.* at 5-8. She also argues that, contrary to the initial decision, she made nonfrivolous allegations that disclosures (1), (5), and (10) were protected under 5 U.S.C. § 2302(b)(8) and contributing factors in the alleged retaliatory actions. *Id.* at 7. Finally, she asserts that she has acquired new information, not included with her pleading, concerning the agency's alleged failure to properly file a claim with OWCP. *Id.* at 7-8.

**ANALYSIS**

<u>We forward the appellant's claims of involuntary reduction in grade and pay and involuntary retirement to the Atlanta Regional Office for processing as an adverse action appeal under 5 U.S.C. §§ 7513(d) and 7701.</u>

Under 5 U.S.C. § 7121(g), an employee who claims to have suffered whistleblowing reprisal regarding an appealable action may elect no more than one of the following remedies: a direct appeal to the Board; a negotiated grievance procedure pursuant to 5 U.S.C. § 7121; or a request for corrective action under 5 U.S.C. chapter 12, subchapters I and III, i.e., an OSC complaint, potentially to be followed by an IRA appeal. Ordinarily, an individual who first requests corrective action from OSC will be deemed to have made a binding election to proceed in that forum. 5 U.S.C. § 7121(g)(4)(C). In such a case, the jurisdictional standards for an IRA appeal apply, even if the contested personnel would have been directly appealable to the Board. *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 14 (2013). This principle applies equally to alleged constructive actions, such as the appellant's claims of involuntary retirement and involuntary reduction in grade and pay resulting from her transfer to Atlanta. *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 n.5 (2014).

However, the Board also has held that an election under 5 U.S.C. § 7121(g) is binding only if made knowingly and voluntarily. *Agoranos*, 119 M.S.P.R. 498, ¶ 16. Here, the appellant was apparently not advised that contesting her alleged involuntary retirement and involuntary reduction in grade and pay in an OSC complaint would preclude her from filing a subsequent appeal directly with the Board. *See id.*, ¶ 18. Under these circumstances, the appellant's decision to contest the alleged constructive actions before OSC was not a binding election and does not preclude her from filing an adverse action appeal with the Board. *Id.* Furthermore, for the reasons discussed below, the Board lacks jurisdiction over this IRA appeal, leaving a chapter 75 appeal as the only remaining avenue for the appellant to contest the alleged constructive actions. Because the appellant has indicated that she still wishes to pursue her claims of involuntary

retirement and an involuntary reduction in grade in pay, we forward these claims to the Atlanta Regional Office for docketing as a separate appeal under 5 U.S.C. §§ 7513(d) and 7701. We give these claims no further consideration in the context of this IRA appeal.

The administrative judge correctly dismissed the IRA appeal for lack of jurisdiction.

The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b) (9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined under 5 U.S.C. § 2302(a)(2)(A). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1). Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim. *Salerno*, 123 M.S.P.R. 230, ¶ 5.

Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action with the Board. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). The Board may consider only matters that the appellant first raised before OSC. *Id*. The requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11. The Board's jurisdiction is limited to those issues that were previously raised with OSC. However, appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id*. Appellants may demonstrate exhaustion through their initial OSC complaint; evidence that they amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations; and their written responses to OSC referencing the amended

allegations. *Id.* Appellants also may establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that they raised with OSC the substance of the facts in the Board appeal. *Id*. The appellant must prove exhaustion by preponderant evidence. 5 C.F.R. § 1201.57(c)(1).

The appellant claims she reported the following protected disclosures to OSC:

1. Reported to agency management that, on February 12, 2013, D.W. brought her girlfriend to the office and took her into S.A.H.'s office where documents were open and possible Personally Identifiable Information (PII) was exposed;

2. Reported to OSC that employees claimed per diem when meals were provided by the hotel;

3. Reported to the Occupational Safety and Health Administration that working conditions were such that employees had to wear coats and gloves in the office or have a heater at their desks year round;

4. Reported to OSC that employees had shared with the appellant that D.W. purchased a gun from S.S., and that S.S. brought the gun to the office, where D.W. purchased it;

5. Reported to the agency's Office of Inspector General (OIG) that S.S. did not enter his annual leave for his vacation from November 4-8, 2013;

6. Reported timecard issues to management regarding time taken by D.W. and indicating that the timekeepers needed to be changed;

7. Reported ethics violations to J.G., Office of General Counsel, on November 21, 2013, and May 20, 2014;

8. Reported to OSC that there was a lack of diversity in the Nashville Monitoring Unit;

9. Reported to OSC that the appellant filed administrative complaints with upper-level managers;

10. Reported to OIG on November 17, 2015, that an employee rented an apartment with a 1-year lease under the buyout program and continued to collect per diem for approximately 4 months;

11. Reported to OIG that S.A.H. was placed in a GS-13 position improperly;

12. Reported to OSC that S.S. was groomed and given special assignments and advantages towards the Assistant Chief position and that he was improperly selected for the position;

13. Reported to OSC that T.F.'s husband was hired and was in her line of supervision;

14. Reported to OSC that she spoke up about flawed information presented to the staff that would make the supervisors look good but would impact the quality and quantity of work completed by the staff; and

15. Reported to OSC that T.F. implemented a policy that denied staff the right to complain to upper management.

IAF, Tab 9 at 4-8. We agree with the administrative judge that, for purposes of IRA jurisdiction, the appellant exhausted her remedies as to disclosures (1), (5), and (10) only.

With regard to disclosures (2) and (4), the administrative judge found that the appellant raised these disclosures before OSC's Disclosure Unit, not OSC's Complaints Examining Unit, and that making disclosures to the Disclosure Unit does not satisfy the exhaustion requirement under 5 U.S.C. § 1214(a)(3). ID at 6; *see Sabbagh v. Department of the Army*, 110 M.S.P.R. 13, ¶¶ 10-15 (2008). On review, the appellant contends that the information she provided concerning disclosures (2) and (4) was in fact reviewed by both units. PFR File, Tab 1 at 6. The record does indicate that OSC concurrently processed the appellant's

disclosure form (DI-17-1006) and her PPP complaint (MA-17-1006).  IAF, Tab 9 at 25-30.  Thus, while the Complaints Examining Unit would have been primarily concerned with the appellant's PPP claims, it may have reviewed submissions in which the appellant also addressed disclosures (2) and (4).  Nonetheless, correspondence from OSC indicates that those disclosures were considered in connection with the disclosure file and not in connection with her PPP complaint. *Id*. at 26-27.  While the Complaints Examining Unit may have been aware of disclosures (2) and (4), the appellant has not shown that she alleged before OSC that the agency retaliated against her for those disclosures.  Thus, we agree with the administrative judge that the appellant did not exhaust her remedies with respect to those disclosures.

With regard to disclosures (6), (7), (9), and (14), the administrative judge found no indication that the appellant raised those disclosures to OSC.  ID at 7. On review, the appellant states that she submitted to OSC a memorandum documenting a March 14, 2014 meeting with an individual named A.P., in which she discussed the events at issue in those disclosures.  PFR File, Tab 1 at 6; IAF, Tab 9 at 59-77.  However, assuming the appellant provided OSC with that memorandum, it contains no allegation that the agency retaliated against her for those disclosures in violation of 5 U.S.C. § 2302(b)(8).  Nor does the correspondence between OSC and the appellant suggest that she made such an allegation.  IAF, Tab 9 at 19-30. Thus, for purposes of establishing IRA jurisdiction, the appellant has not shown that she met the exhaustion requirement with respect to those disclosures.

The appellant does not contest the administrative judge's finding that she did not provide OSC with sufficient information regarding disclosures (3), (8), (11), (12), (13), and (15), and we discern no error in that finding.  Accordingly, we agree with the administrative judge's conclusion that the appellant met the exhaustion requirement with respect to disclosures (1), (5), and (10) only.

Turning to the alleged retaliatory actions, the administrative judge found that the appellant exhausted her remedies only with respect to her lowered performance rating and her allegedly involuntary acceptance of a lower-graded position in Atlanta. ID at 8-9. As previously discussed, the appellant's constructive action claims, including her alleged involuntary retirement and forced acceptance of a lower-grade position, will be considered in a separate appeal. Furthermore, we agree with the administrative judge that our jurisdiction does not extend to the denial of telework and the appellant's discrimination claim. ID at 8-9. The appellant previously grieved the denial of telework pursuant to the collective bargaining agreement, and is therefore precluded from seeking a remedy with OSC or the Board. *See* 5 U.S.C. § 7121(g)(2). Regarding the claims of race and age discrimination, which fall under 5 U.S.C. § 2302(b)(1), the appellant did not provide OSC with a basis for investigation because OSC does not process such allegations but instead defers to the EEO process. IAF, Tab 9 at 29.

We do agree with the appellant that, contrary to the initial decision, she met the exhaustion requirement with regard to her allegations of harassment. In finding that the appellant did not exhaust her remedies as to that alleged personnel action, the administrative judge relied on OSC's conclusion that the alleged acts of harassment—which included berating the appellant at meetings, excluding her from social events, and overcriticizing her work—did not "rise to the level of severe or pervasive harassment that would constitute a significant change in duties and therefore . . . would not be considered a personnel action." ID at 8; IAF, Tab 9 at 28; *see* 5 U.S.C. § 2302(a)(2)(A)(xii). However, OSC's unfavorable finding, even if correct, does not imply that she failed to exhaust her administrative remedies. To the contrary, it demonstrates that the appellant did at least inform OSC of the basis of her charge that she was harassed in violation of 5 U.S.C. § 2302(b)(8). In addition, we find that the appellant exhausted her remedies with respect to the agency's failure to file her OWCP claim, which,

contrary to OSC's finding, may constitute a personnel action for purposes of an IRA appeal. IAF, Tab 9 at 23, 28; *see Easterbrook v. Department of Justice*, 85 M.S.P.R. 60, ¶ 12 (2000) (addressing the merits of the appellant's claim that an agency official refused to sign his OWCP claim form in retaliation for his protected disclosures).

Nonetheless, we agree with the administrative judge that the appellant failed to make nonfrivolous allegations that disclosures (1), (5), and (10) were protected under 5 U.S.C. § 2302(b)(8). A protected disclosure is a disclosure of information that the appellant reasonably believes evidences any violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial or specific danger to public health or safety. 5 U.S.C. § 2302(b)(8). The proper test for determining whether an employee had a reasonable belief that her disclosures were protected is whether a disinterested observer with knowledge of the facts known to and readily ascertainable by the employee could reasonably conclude that the disclosure evidenced one of the circumstances described in 5 U.S.C. § 2302(b)(8). *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 8 (2013).

Here, as the administrative judge found, the appellant failed to nonfrivolously allege that she reasonably believed that the wrongdoing alleged in disclosures (1), (5), and (10) in fact occurred. ID at 10-12. Specifically, the administrative judge found the appellant did not provide a factual basis for her belief that PII was compromised, or that S.S. failed to properly record his time, or that T.M. was improperly collecting per diem. *Id*. We discern no error in that finding, and the appellant's mere disagreement does not provide a sufficient basis for disturbing it. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). In the absence of a nonfrivolous allegation

that the appellant's disclosures were protected, we affirm the administrative judge's finding that the appellant did not meet her jurisdictional burden.[2]

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[2] Having found that disclosures (1), (5), and (10) were not protected under 5 U.S.C. § 2302(b)(8), we do not reach the question of whether the appellant nonfrivolously alleged that they were a contributing factor in the personnel actions at issue. Furthermore, we have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          *Gina K. Grippando*

_____

Gina K. Grippando

Clerk of the Board

Washington, D.C.